**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

JAMES JENKINS, *individually and on* )
*behalf of all others similarly situated,* )
                               )
            Plaintiff, )
v. )
                               )
REALPAGE, INC. )
                               )
SERVE: United Corporate Services, Inc. )
       7705 Yolanda Road )
       Richmond, VA 23229 )
                               )
          Defendant. )

Civil Action No. 3:14CV758

## CLASS COMPLAINT

COMES NOW the Plaintiff, James Jenkins, individually and on behalf of all similarly situated individuals, by counsel, and for his complaint against the Defendant, he alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against Defendant pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2.    The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3.    Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.    The Plaintiff, James Jenkins, is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5.    Defendant RealPage, Inc. ("Real Page") is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) that regularly conducts business in the Commonwealth of Virginia. Real Page is also a "reseller" that assembles and merges information contained in the databases of other consumer reporting agencies and resells the data to third parties, as defined in 15 U.S.C. § 1681a(u).

## FACTS

8.    Plaintiff Jenkins applied to rent an apartment in May 2014.

9.    On or around May 19, 2014, Real Page prepared a consumer report regarding Plaintiff and provided it to the apartment complex for a fee.

10.    The report sold by Real Page contained derogatory and inaccurate information relating to Plaintiff, including that he had two criminal convictions—passing a bad check and second-degree sexual assault—in Missouri and Wisconsin.

11.    This information was incorrect. Plaintiff has never been convicted of a crime.

12.    Upon information and belief, this incorrect reporting was caused by Real Page's failure to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and consumer files it publishes and maintains concerning the Plaintiff.

13.    After Plaintiff's application for the apartment was denied due to the consumer report provided by Real Page, Plaintiff sent a letter to Real Page requesting a copy of all of the information in his file.

2

14.     Real Page responded to Plaintiff's letter and provided him with a copy of his file on or around May 29, 2014.

15.     In this report, Real Page failed to provide the name of the source(s) of the incorrect criminal conviction information in Plaintiff's file.

16.     Instead, Real Page's consumer disclosure altogether omits the source(s) of the public record information in Plaintiff's file and/or suggests that the courthouse is the source of the information.

17.     Upon information and belief, as a matter of common practice, Real Page obtains the information it reports about consumers from an intermediary entity that resells its database to Real Page. Real Page does not receive any public records directly from courts.

18.     Moreover, if and when Real Page receives a request from a consumer for the information in his or her file, Real Page never identifies the source(s) of public record information which, upon information and belief, is an undisclosed private company (also referred to as the "Vendor").

19.     Upon information and belief, Real Page obtained the public record information regarding the Plaintiff and all putative class members from the same Vendor.

20.     This Vendor is a "source" as governed by the FCRA and triggers certain responsibilities for Real Page about the data furnished through this relationship.

21.     Notwithstanding this reality, Real Page failed to disclose and entirely omitted the source of the information in Plaintiff's files in violation of 15 U.S.C. § 1681g(a)(2).

22.     Furthermore, the "Summary of Rights" that the Defendant attached to the Plaintiff's consumer disclosure did not comply with the FCRA.

3

23.     For example and without limitation, the "Summary of Rights" that the Defendant provided to the Plaintiff did not contain the complete contact information at the end of the form.

24.     At all times pertinent to this Complaint, Real Page's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, Real Page's conduct is willful because it was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that Real Page and other consumer reporting agencies have been subject to court decisions in other states critical of similar conduct; and Real Page will continue to engage in this conduct because it believes that there is greater economic value in hiding information from consumers, as well as collecting and reporting derogatory public record information than updating consumers' reports with information that would fully cancel or render the previous reporting of the public record irrelevant.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681g(a)(2)
### Class Claim

25.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

26.     The 1681g(a)(2) Class. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action individually and on behalf of a class initially defined as follows ("the 1681g(a)(2) Class"):

All natural persons who requested a copy of their consumer report (or consumer file) from Real Page on or after November 5, 2009, and received a report that failed to identify the source(s) of the information (i.e., Real Page's third party vendor) for any criminal conviction data in the report.

27.     Numerosity. Upon information and belief, the Plaintiff alleges that the 1681g(a)(2) Class is so numerous that joinder of the claims of all class members is impractical.

The names and addresses of the class members are identifiable through documents maintained by the Defendant and through those of its third party vendor. The class members may be notified of the pendency of this action by published and/or mailed notice.

28.　Existence and Predominance of Common Questions of Law and Fact. Common questions of law and fact exist as to all putative class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether Real Page failed to properly disclose and/or falsely identified the source of its criminal conviction information in consumer's consumer files; (b) whether this conduct constituted a violation of the FCRA; and (c) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiff and putative class members.

29.　Typicality. Plaintiff's claims are typical of the claims of each putative class member and all are based on the same facts and legal theories. Plaintiff, as does every putative class member, alleges a violation of the same FCRA provision, 15 U.S.C. §1681g(a)(2). This claim challenges Real Page's consumer reporting disclosures and does not depend on any individualized facts. Upon information and belief, Real Page obtains all of its criminal conviction data under the same contract from the same vendor. Real Page's notice and knowledge of the challenged reporting problem is the same for Plaintiff as for the putative class. For purposes of class certification, Plaintiff seeks only statutory and punitive damages. Plaintiff would seek individual or actual damages only if class certification is denied. In addition, Plaintiff is entitled to the relief under the same causes of action as the other members of the class.

30.     Adequacy. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Plaintiff nor his counsel have any interests that might cause him not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

31.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.     As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.  Further, most consumers affected by Real Page's conduct described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time.  One win for one consumer would set the law for every

6

similarly situated consumer.

32.    Defendant violated 15 U.S.C. § 1681g(a)(2) by failing to disclose the name of the source of the information in a consumer's file at the time of the request.

33.    In the alternative, Defendant violated 15 U.S.C. § 1681g(a)(2) by falsely identifying the source of the information in a consumer's file.

34.    Defendant's violation of 15 U.S.C. § 1681g(a)(2) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

35.    Plaintiff and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681g(c)(2)
#### Class Claim

36.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

37.    The 1681g(c)(2) Class. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action individually and on behalf of a class initially defined as follows ("the 1681g(c)(2) Class"):

> All natural persons who requested a copy of their consumer report (or consumer file) from Real Page on or after January 1, 2013, and received a report that did not contain the current "Summary of Rights" required by the Fair Credit Reporting Act and as promulgated by the Consumer Financial Protection Bureau.

38.    Numerosity. Upon information and belief, the Plaintiff alleges that the 1681g(c)(2) Class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the class members are identifiable through documents maintained

7

by the Defendant and through those of its third party vendor. The class members may be notified of the pendency of this action by published and/or mailed notice.

39.     Existence and Predominance of Common Questions of Law and Fact. Common questions of law and fact exist as to all putative class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether Real Page failed to use the correct "Summary of Rights" disclosure; (b) whether this conduct constituted a violation of the FCRA; and (c) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiff and putative class members.

40.     Typicality. Plaintiff's claims are typical of the claims of each putative class member and all are based on the same facts and legal theories. Plaintiff, as does every putative class member, alleges a violation of the same FCRA provision, 15 U.S.C. §1681g(c)(2). This claim challenges Real Page's consumer report disclosures and does not depend on any individualized facts. Upon information and belief, Real Page sends the same "Summary of Rights" disclosure to all of the putative class members. Real Page's notice and knowledge of the challenged reporting problem is the same for Plaintiff as for the putative class. For purposes of class certification, Plaintiff seeks only statutory and punitive damages. Plaintiff would seek individual or actual damages only if class certification is denied. In addition, Plaintiff is entitled to the relief under the same causes of action as the other members of the class.

41.     Adequacy. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff nor his counsel have any interests that

might cause him not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

42. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a. As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by Real Page's conduct described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law for every similarly situated consumer.

43.    Defendant violated 15 U.S.C. § 1681g(c)(2) by failing to include the required information in the "Summary of Rights" prepared by the Consumer Financial Protection Bureau in the Plaintiff's and putative class members' written disclosures.

44.    Defendant's violation of 15 U.S.C. § 1681g(c)(2) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

45.    Plaintiff and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)
## Individual Claim

46.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

47.    Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and consumer files it published and maintained concerning Plaintiff.

48.    As a result of this alleged conduct, action, and inaction, Plaintiff suffered actual damages.

49.    Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

50.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, on behalf of himself and the putative class members, moves for class certification and for statutory and punitive damages, as well as attorney's fees and costs against the Defendant for his class claims, as well as actual, statutory, and punitive damages, as well as his attorney's fees and costs for his individual claim; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

**JAMES JENKINS,** *individually and on behalf of those similarly situated*

By _____
                Of Counsel

Matthew J. Erausquin, VSB #65434
Casey S. Nash, VSB # 84261
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-7770 - Telephone
(888) 892-3513 - Fax
E-mail: matt@clalegal.com
E-mail: casey@clalegal.com

Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
(703) 424-7572 - Telephone
(703) 591-0167 – Fax
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

*Counsel for Plaintiff*