IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JAMES JENKINS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> REALPAGE, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 3:14-cv-758-HEH <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT REALPAGE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

RealPage, Inc. ("RealPage"), through its undersigned counsel, answers the Complaint ("Complaint") filed by Plaintiff James Jenkins ("Plaintiff"). RealPage generally denies all allegations in the Complaint that RealPage does not expressly admit in this Answer. RealPage further denies that it willfully or negligently violated any law, either individually or collectively, with any other individual or entity.

RealPage responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

### PRELIMINARY STATEMENT

1. In response to paragraph 1 of the Complaint, RealPage admits that Plaintiff purports to bring this action asserting alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"). RealPage denies the remaining allegations in paragraph 1 of the Complaint.

## JURISDICTION

2. In response to paragraph 2 of the Complaint, RealPage admits that 28 U.S.C. § 1331 confers jurisdiction of this Court over matters seeking relief under the FCRA. RealPage denies the remaining allegations in paragraph 2 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

3. RealPage denies the allegations in paragraph 3 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## PARTIES

4. RealPage denies the allegations in paragraph 4 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

5. In response to paragraph 5 of the Complaint, RealPage admits that it conducts business in Virginia. RealPage also admits that in certain instances it engages in the activity of a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). RealPage also admits that in certain instances it engages in the activity of a "reseller" as defined by 15 U.S.C. § 1681a(u) or a procurer for resale as that term is used in 15 U.S.C. § 1681e(e). RealPage denies the remaining allegations in paragraph 5 of the Complaint.

## ALLEGED FACTS

6. The Complaint omits paragraph 6.

7. The Complaint omits paragraph 7.

8. RealPage denies the allegations in paragraph 8 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

9. In response to paragraph 9 of the Complaint, RealPage admits that it furnished a report to one of its clients regarding a James Jenkins on or around May 19, 2014. RealPage denies the remaining allegations in paragraph 9 of the Complaint.

10. RealPage denies the allegations in paragraph 10 of the Complaint.

11. RealPage denies the allegations in paragraph 11 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

12. RealPage denies the allegations in paragraph 12 of the Complaint.

13. In response to paragraph 13 of the Complaint, RealPage admits that it received a letter dated May 24, 2014, purporting to request all information regarding a James D. Jenkins residing at 6706 Miami Avenue, Richmond, Ohio 23226. RealPage denies the remaining allegations in paragraph 13 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

14. In response to paragraph 14 of the Complaint, RealPage admits that on or around May 29, 2014, RealPage sent James Jenkins a copy of all information on James Jenkins recorded and retained by RealPage at the time of the request regardless of how the information was stored. RealPage denies the remaining allegations in paragraph 14 of the Complaint.

15. RealPage denies the allegations in paragraph 15 of the Complaint.

16. RealPage denies the allegations in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, RealPage admits that it contracts with certain third parties which retrieve public record information from courts on behalf of RealPage. RealPage denies the remaining allegations in paragraph 17 of the Complaint.

18. RealPage denies the allegations in paragraph 18 of the Complaint.

3

19. RealPage denies the allegations in paragraph 19 of the Complaint.

20. This paragraph purports to allege legal conclusions and so no response to those allegations is necessary. To the extent a response is necessary, RealPage denies the allegations contained in paragraph 20 of the Complaint.

21. RealPage denies the allegations in paragraph 21 of the Complaint.

22. RealPage denies the allegations in paragraph 22 of the Complaint.

23. RealPage denies the allegations in paragraph 23 of the Complaint.

24. RealPage denies the allegations in paragraph 24 of the Complaint.

**CLAIM ONE: ALLEGED VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681g(a)(2)**
**Alleged Class Claim**

25. RealPage incorporates its responses to the preceding paragraphs as if fully set forth herein.

26. In response to paragraph 26 of the Complaint, RealPage admits that Plaintiff seeks to bring this claim individually and on behalf of a putative class. RealPage denies that Plaintiff's proposed class meets the requirements under Fed. R. Civ. P. 23 and denies all remaining allegations in paragraph 26 of the Complaint.

27. RealPage denies the allegations in paragraph 27 of the Complaint.

28. RealPage denies the allegations in paragraph 28 of the Complaint.

29. RealPage denies the allegations in paragraph 29 of the Complaint.

30. RealPage denies the allegations in paragraph 30 of the Complaint.

31. RealPage denies the allegations in paragraph 31 of the Complaint.

32. RealPage denies the allegations in paragraph 32 of the Complaint.

33. RealPage denies the allegations in paragraph 33 of the Complaint.

34. RealPage denies the allegations in paragraph 34 of the Complaint.

35. RealPage denies the allegations in paragraph 35 of the Complaint.

**CLAIM TWO: ALLEGED VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681g(c)(2)**
**Alleged Class Claim**

36. RealPage incorporates its responses to the preceding paragraphs as if fully set forth herein.

37. In response to paragraph 37 of the Complaint, RealPage admits that Plaintiff seeks to bring this claim individually and on behalf of a putative class. RealPage denies that Plaintiff's proposed class meets the requirements under Fed. R. Civ. P. 23 and denies all remaining allegations in paragraph 37 of the Complaint.

38. RealPage denies the allegations in paragraph 38 of the Complaint.

39. RealPage denies the allegations in paragraph 39 of the Complaint.

40. RealPage denies the allegations in paragraph 40 of the Complaint.

41. RealPage denies the allegations in paragraph 41 of the Complaint.

42. RealPage denies the allegations in paragraph 42 of the Complaint.

43. RealPage denies the allegations in paragraph 43 of the Complaint.

44. RealPage denies the allegations in paragraph 44 of the Complaint.

45. RealPage denies the allegations in paragraph 45 of the Complaint.

**CLAIM THREE: VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**Individual Claim**

46. RealPage incorporates its responses to the preceding paragraphs as if fully set forth herein.

47. RealPage denies the allegations in paragraph 47 of the Complaint.

48. RealPage denies the allegations in paragraph 48 of the Complaint.

49. RealPage denies the allegations in paragraph 49 of the Complaint.

50. RealPage denies the allegations in paragraph 50 of the Complaint.

RealPage denies the allegations contained in the unnumbered paragraph beginning with "WHEREFORE" following paragraph 50.

## ADDITIONAL DEFENSES

Without admitting to the truth of any of the allegations in the Complaint that have previously been denied, and without admitting or acknowledging that RealPage bears any burden of proof as to the allegations in the Complaint, RealPage asserts the additional defenses provided below. In addition, RealPage intends to rely upon any defenses that become available or apparent during pretrial proceedings and discovery in this action, and RealPage reserves the right to amend this Answer in order to assert all such further defenses.

## FIRST ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against RealPage and fails to state facts sufficient to entitle Plaintiff to the relief sought.

## SECOND ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, to the extent that Plaintiff or the putative class members lack statutory or Constitutional standing due to a lack of actual injury-in-fact.

## THIRD ADDITIONAL DEFENSE

If any damages are awarded against RealPage, then the Complaint is subject to a setoff in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same

6

alleged damages. RealPage is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

### FOURTH ADDITIONAL DEFENSE

Any damages allegedly suffered by Plaintiff was not caused by RealPage, but by intervening causes.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by RealPage, and those third parties were the sole cause of any such damages.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

### EIGHTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions. Such acts, errors, and omissions were either the sole cause of any alleged injury or damage or, in the alternative, were the result of Plaintiff's comparative negligence, comparative causation, or comparative responsibility. Accordingly, RealPage asks the Court and the Jury to reduce any judgment against RealPage by the degree of negligence or causation attributed to Plaintiff or any other persons.

## NINTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to protect himself from damages, if any, and failed to mitigate any such alleged damages.

## TENTH ADDITIONAL DEFENSE

Plaintiff cannot recover against RealPage to the extent that the Complaint and each of its purported causes of action are barred by the doctrines of waiver, accord and satisfaction, payment, illegality, laches, estoppel, res judicata, and/or release.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff cannot recover against RealPage to the extent that the Complaint and each of its purported causes of action are barred by any applicable statute of frauds and statute of limitations.

## TWELFTH ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, to the extent that Plaintiff or the putative class members have not taken action necessary to avail themselves of the rights they claim under the FCRA.

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiff's claims for actual, punitive, or exemplary damages under any provision of law, other than the FCRA, are preempted by the FCRA.

## FOURTEENTH ADDITIONAL DEFENSE

RealPage reserves the right to assert additional defenses as they become known.

WHEREFORE, RealPage prays for judgment as follows:

(a) That Plaintiff takes nothing by reason of his Complaint in this matter;

(b) That judgment be rendered in favor of RealPage and that the Complaint be dismissed with prejudice;

(c) That RealPage be awarded its costs of suit in this matter, including reasonable attorneys' fees if available; and

(d) For such other and further relief as the Court deems just and proper.

**REALPAGE, INC.**

By: /s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Defendant RealPage, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

Ronald I. Raether, Jr. (*pro hac vice* pending)
FARUKI IRELAND & COX P.L.L.
*Counsel for Defendant RealPage, Inc.*
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3733
Facsimile: (937) 227-3717
Email: rraether@ficlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January, 2015, I electronically filed the foregoing Answer to the Class Complaint with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

>Matthew J. Erausquin, Esq.
>Casey S. Nash, Esq.
>Consumer Litigation Associates, PC
>1800 Diagonal Road, Suite 600
>Alexandria, VA  22314
>Telephone: 703-273-7770
>Facsimile: 888-892-3513
>Email:  matt@clalegal.com
>Email:  casey@clalegal.com
>*Counsel for Plaintiff, James Jenkins*
>
>Kristi C. Kelly, Esq.
>Andrew J. Guzzo, Esq.
>Kelly & Crandall, PLC
>4084 University Drive, Suite 202A
>Fairfax, VA  22030
>Telephone: 703-424-7572
>Facsimile: 703-591-1067
>Email:  kkelly@kellyandcrandall.com
>Email:  aguzzo@kellyandcrandall.com
>*Counsel for Plaintiff, James Jenkins*

>/s/ David N. Anthony
>David N. Anthony
>Virginia State Bar No. 31696
>*Counsel for Defendant RealPage, Inc.*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia  23219
>Telephone: (804) 697-5410
>Facsimile: (804) 698-5118
>Email: david.anthony@troutmansanders.com

24550183v1

10