IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES JENKINS,                             )

                                   )

                 Plaintiff,         )

v.                                   )        Civil Action No. 3:14-cv-00758 (HEH)

                                   )

REALPAGE, INC.,                     )

                                   )

                 Defendant.       )

## **STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiff James Jenkins ("Plaintiff"), and Defendant Realpage, Inc., through their attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential applicant or employee information, confidential commercial information, confidential research and development, or other proprietary information belonging to Defendant and/or credit, financial and other confidential information of Plaintiff and third parties whose information may be disclosed during the discovery process.

THEREFORE, this Court orders as follows:

1.      This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action that are designated to be subject to this Order.

2.      Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, or pursuant to a subpoena *duces tecum*, which is asserted in good faith by the producing party or non-party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1)(G) or other provision of law,

shall be so designated in writing, or orally at a deposition, hearing, or trial, and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL." Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS." The designation label shall not cover, underlay or otherwise impair the readability of the text of the document(s). "CONFIDENTIAL MATERIALS" includes any consumer file, as defined by 15. U.S.C. §1681a(g), or consumer report, as defined by 15. U.S.C. §1681a(d), and the production of any consumer report or file of the Plaintiff or any other putative class member shall be permitted pursuant to 15 U.S.C. §1681b(a)(1).

3.     A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within five (5) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the deposition transcript CONFIDENTIAL, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIALS either on the record or by serving upon all counsel of record via facsimile or electronic mail a Notice setting forth the specific page, line numbers and designation. The designating party must serve such Notice within fourteen (14) calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the fourteen (14) day period described in this paragraph. Any portions of a transcript designated as CONFIDENTIAL shall thereafter be treated as CONFIDENTIAL MATERIALS in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

2

4.     All CONFIDENTIAL MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes, or for any purpose whatsoever, other than solely for the discovery, preparation and/or trial, appeal and/or retrial of this action in accordance with this Order.

5.     Subject to paragraph 7, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than:  (i) the parties and their attorneys and support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) consulting or retained experts and their staff employed for this litigation; (iv) present or former employees of the producing party , including witnesses produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for and during the deposition or hearing; (vi) any governmental agency, governmental office, or other government personnel formally requesting such information or documents by subpoena or civil investigative demand ("CID"), with notice provided to the designating party within three (3) days of the receipt of the request and no fewer than fourteen (14) days before disclosure or production; and (vii) the Court, Court personnel, and members of any jury impaneled to hear this case.

6.     Subject to paragraph 7, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5 who is not an attorney of record or employed by a law firm of such an attorney of record unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to

3

be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing CONFIDENTIAL MATERIALS to any other person except as provided in this Order, and are also enjoined from using CONFIDENTIAL MATERIALS except in the discovery, preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of CONFIDENTIAL MATERIALS.

7.     In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly designated, the receiving party shall notify the designating party in writing by facsimile or by electronic mail of its objection, but shall continue to maintain the documents or other information as CONFIDENTIAL for fifteen (15) days after such notice. In the event such dispute cannot be resolved, the designating party shall have the right to move the Court for a determination as to whether the designation is appropriate. If the designating party files such a motion within the fifteen-day period, the receiving party shall continue to retain the materials as CONFIDENTIAL consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

8.     Subject to paragraph 7, any party seeking to file CONFIDENTIAL MATERIALS with the Court must contact the designating party two (2) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL

4

MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS can be filed publicly with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file the CONFIDENTIAL MATERIALS shall file such materials with the Court pursuant to Local Rule 5. The designating party shall file a motion to seal, in accordance with Local Rule 5(C)-(D), simultaneously with the other party's filing. The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules and this Order.

9.     The production or disclosure during discovery of an attorney-client privileged, work product, confidential, or other protected document or information medium ("Protected Material") shall not be deemed a waiver of privilege, work product, confidentiality, or other protection or immunity from discovery by the designating party provided that such production or disclosure would not operate as a waiver in this or any subsequent state or federal proceeding according to the principles set forth in Federal Rule of Evidence 502 and the associated case law. Upon notice by the designating party that Protected Material was produced or disclosed, all recipients of the Protected Material shall promptly return, sequester, or destroy the Protected Material and any copies it has and shall not use it (or information in it) in any litigation, not permit it to be copied, distributed or otherwise disclosed to any person until the matter of its production or disclosure is resolved either amicably by the parties, or by Order of the Court. See Fed. R. Civ. P. 26(b)(5)(B).

10.     Subject to paragraph 7, within sixty (60) days after the conclusion of this case, whether by settlement, final and non-appealable Judgment Order, or other disposition, upon written request, the parties shall assemble and return to the designating party all materials containing CONFIDENTIAL MATERIALS designated in accordance with paragraph 2, above.

The receiving party may elect to destroy the CONFIDENTIAL MATERIALS rather than return them, in which case the receiving party shall provide written verification that the materials, including any summaries, extracts, or compilations, notes, or other attorney work-product containing CONFIDENTIAL MATERIAL, have been destroyed.

11.

Nothing in this Protective Order shall be construed to prevent a party or a nonparty from seeking such further provisions regarding confidentiality as may be appropriate or from seeking an amendment or modification of the existing terms of this Protective Order upon proper notice, motion and showing.

12.     Nothing in this Protective Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trial of evidentiary materials.

13.     This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order.  Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

14.     This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

15.     Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" nor the failure to make such designation, shall constitute evidence on any issue in this case.  The designation of any materials as "CONFIDENTIAL" does not waive that

party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

16.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

17.     The Court may impose appropriate sanctions for the disclosure of CONFIDENTIAL MATERIALS in violation of this Protective Order.

IT IS SO ORDERED.


Dated: **March 3, 2015**

/s/

The Honorable Henry E. Hudson
United States District Judge

**AGREED BY:**

Dated: February 24, 2015

By: _____
Matthew J. Erausquin, VSB #65434
Casey S. Nash, VSB # 84261
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-7770 - Telephone
(888) 892-3513 - Fax
E-mail: matt@clalegal.com
E-mail: casey@clalegal.com

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7570 – Telephone
(703) 591-0167 – Facsimile
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

*Counsel for Plaintiff*

Dated: ~~February~~ March 2, 2015

By: _____
David N. Anthony
Virginia State Bar No. 31696
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

Ronald I. Raether, Jr.
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3733
Facsimile: (937) 227-3717
Email: rraether@ficlaw.com

*Counsel for Defendant*

8

# **EXHIBIT A**

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**JAMES JENKINS,**

        **Plaintiff,**

**v.**                               **Civil Action No. 3:14cv00758 (HEH)**

**REALPAGE, INC.,**

            **Defendant.**

### DECLARATION OF _____ UNDER
### STIPULATED PROTECTIVE ORDER

I, _____ being duly sworn, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____

I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

I will comply with all of the provisions of the Protective Order. I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any Confidential Material disclosed to me for any purposes other than this case.

I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

24709500v6

_____