UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES JENKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:15-cv-03894-JP |
| | ) |
| **REALPAGE, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY

Defendant, RealPage, Inc. ("RealPage" or "Defendant"), by counsel, submits this Memorandum in Support of its Motion to Stay the lawsuit pending the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*.[1] The issue presented by the *Spokeo* petition presents an issue that is potentially dispositive of Plaintiff's putative class action claims in the instant case.[2] Thus, the Supreme Court's decision in *Spokeo* will directly impact this case.

A stay is appropriate and necessary because it would prevent the Court and the parties from spending significant time and resources litigating this matter only for the Supreme Court's *Spokeo* decision to subsequently require dismissal of this case on the grounds that Plaintiff does not have standing to pursue his claims for willful violations of the Fair Credit Reporting Act since there are no allegations of actual harm. In addition, a stay will not prejudice any party. Thus, in the interests of judicial efficiency and the litigants' private interests, this action should be stayed pending the outcome of the Supreme Court's decision in *Spokeo*.

---

[1] 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 82 U.S.L.W. 3689 (U.S. Apr. 27, 2015) (No. 13-1339).

[2] RealPage is filing a similar motion in the *Stokes v. RealPage, Inc.* matter which is currently pending before this Court, *Stokes v. RealPage, Inc.*, Case No. 2:15-cv-01520-JP (E.D. Pa.). Given the related nature of these cases, if *Stokes* is stayed then so should this matter.

I.     **<u>INTRODUCTION</u>**

On April 27, 2015, the United States Supreme Court granted certiorari to address "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Pet. For Cert. at i, *Spokeo, Inc. v. Robins*, No. 13-1339, (U.S. May 1, 2014), 2014 U.S. S. Ct. Briefs LEXIS 1766.[3] In *Spokeo*, the plaintiff is seeking statutory damages for willful violations of the Fair Credit Reporting Act ("FCRA"), despite suffering no injury-in-fact aside from the alleged statutory violation.

Like the plaintiff in *Spokeo*, in Counts I and II, Plaintiff has not alleged any injury-in-fact related to the alleged technical violations of the FCRA, such as explaining how not providing the complete address of agencies with responsibility for enforcing the FCRA caused any harm to Plaintiff.[4] (Compl. ¶ 23.) If the Supreme Court rules in favor of Spokeo, Inc., then Plaintiff will fall into the category of individuals who cannot avail themselves of federal court jurisdiction merely by claiming a technical violation of a statute (*i.e.*, without allegations of concrete harm) or the class claims as presently defined will fail as a matter of law.

The Third Circuit Court of Appeals has already recognized this pragmatic approach to standing and has consistently ruled that an injury-at-law is insufficient to confer Constitutional standing. *See Joint Stock Soc'y v. UDV North America, Inc.,* 266 F.3d 164, 176 (3d Cir. 2001) (no "injury in fact" from defendant's use of Smirnoff trade name where plaintiffs "never

---

[3] The U.S. Supreme Court will hear oral argument in *Spokeo* on November 2, 2015, and in all likelihood, could issue a decision as early as February and not later than June, the end of the current term.  *See* http://www.supremecourt.gov/about/procedures.aspx.

[4] Plaintiff's Class Complaint does contain an individual claim which seeks actual damages; however, the class claims seek only statutory damages.

marketed any vodka in the United States"); *Doe v. Nat'l Bd. of Medical Examiners,* 199 F.3d 146, 153 (3d Cir. 1999) ("The proper analysis of standing focuses on whether the plaintiff suffered an actual injury . . . Congress cannot confer standing by statute alone.").[5]  Thus, while RealPage could move to dismiss based on the Plaintiff's lack of standing under established Third Circuit law, the more prudent approach is to await the Supreme Court's decision in *Spokeo*. Moreover, courts across the country have been granting *Spokeo*-based stays to allow the Supreme Court to rule on an issue that has the potential to impact the outcome of factually similar cases.  *See* Section II, D, *infra.*

     A stay of this matter would prevent the parties and the Court from unnecessarily allocating substantial time and resources to litigate claims the Supreme Court may ultimately decide this Court lacks jurisdiction to decide.[6]  A stay also will not prejudice Plaintiff and would protect both parties from incurring substantial costs and expenses associated with (1) discovery, (2) litigating class certification, (3) drafting and addressing motions for summary judgment, (4) engaging in trial preparation, and (5) conducting a trial, until the Supreme Court provides guidance on the dispositive issue of standing.  Finally, a stay would conserve Court resources for the same reasons.  Given the direct impact the *Spokeo* decision will have on this action, the Court should temporarily stay the case.

---

[5] In addition, the Second and Fourth Circuits have similarly held that an injury-at-law is insufficient to confer Constitutional standing.  *See David v. Alphin,* 704 F.3d 327, 343 (4th Cir. 2013); *Kendall v. Emps. Ret. Plan of Avon Prods.,* 561 F.3d 112, 121 (2d Cir. 2009).

[6] Because Article III standing is a "threshold jurisdictional requirement" for any case in federal court, the Court should resolve this jurisdiction issue first.  *See Tri-Realty Co. v. Ursinus Coll.,* Civ. A. No. 11-5885, 2015 U.S. Dist. LEXIS 111455 (E.D. Pa. Aug. 24, 2015) (citing *Public Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 117 (3d Cir. 1997)).

## II.   FACTUAL BACKGROUND

In his Complaint, Plaintiff asserts two class claims that allege statutory violations of 15 U.S.C. §§ 1681g(a)(2) and 1681g(c)(2) against RealPage, a company which provides access to information to landlords used to determine eligibility to rent or lease housing ("tenant screening").  The class claims do not seek actual damages and do not allege any injury-in-fact.  Instead, on behalf of the class, Plaintiff seeks only statutory damages based on the alleged willful violations of 15 U.S.C. § 1681g(a)(2) and 1681g(c)(2).  (*See* Compl. ¶¶ 21-22.)  According to Plaintiff's Complaint, RealPage violated the FCRA by (1) failing to properly disclose the vendor which retrieves public record criminal conviction information used in consumer reports with no allegation that the putative class had inaccurate information, made any attempt to dispute the information and where the named-plaintiff's dispute was unrelated to the accuracy of the information retrieved by the vendor and was corrected within 24 hours, and (2) failing to use a "Summary of Rights" disclosure which included the addresses of all Federal agencies responsible for enforcing the FCRA even though the missing addresses would have been of no assistance to Plaintiff.[7]  (*See* Compl. ¶¶ 28, 39.)  Plaintiff seeks to represent a nationwide class on both of these claims.  Plaintiff has failed to allege, and cannot establish, any injury-in-fact on behalf of the classes.  Thus, because the Supreme Court's decision in *Spokeo* may necessitate the dismissal of Plaintiff's class claims, a stay is appropriate.

---

[7] The Summary of Rights provided by RealPage unintentionally omitted complete addresses for certain federal agencies, including those related to Air Carriers, Creditors Subject to the Surface Transportation Board, Small Business Investment Companies, Brokers and Dealers, Federal Land Banks, Nonmember Insured Banks and Federal Credit Unions.  The agencies responsible for FCRA enforcement on behalf of these types of businesses would not have been able to offer any assistance to Plaintiff even if complete addresses would have been provided.

### III.	LEGAL STANDARD

Under appropriate circumstances — all of which exist here — a court may stay one case pending the outcome of another.  The power to stay a proceeding is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Mendez v. Puerto Rican Int'l Cos.,* 533 F.3d 709, 712 (3d Cir. 2009).  "Central to this power is a court's ability to 'hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."  *Resco Products, Inc. v. Bosai Minerals Grp., Co.,* No. Civ. A. 06-235, 2010 U.S. Dist. LEXIS 54949, at *4 (W.D. Pa. June 4, 2010) (quoting *Bechtel Corp. v. Local 215, Laborers' Int'l Union,* 544 F.3d 1207, 1215 (3d Cir. 1976)).  Moreover, even if the pending case "may not settle every question of fact and law" in the current suit, but it may "in all likelihood . . . settle many and simplify them all," a stay is appropriate.  *Resco*, 2010 U.S. Dist. LEXIS 54949, at *11.

In determining the appropriateness of a stay, the Court must balance competing interests including considering factors such as the (1) "risk of prejudice to the non-moving party," (2) "potential hardship or inequity to the proponent of the stay," and (3) "interests in judicial economy and efficiency."  *Medversant Techs., LLC v. Leverage Health Solutions, LLC*, No. 15-1057, 2015 U.S. Dist. LEXIS 93763, **19-20 (E.D. Pa. July 20, 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. at 254-55)).  All of these factors counsel a stay in this matter.

### IV.	ARGUMENT

#### A.	The Outcome of *Spokeo* May Resolve the Class Claims.

The standing issues raised by Plaintiff's class claims are similar to the standing issues presented in *Spokeo*, namely whether Plaintiff has standing to pursue his class claims in the absence of a concrete injury in fact, and is potentially dispositive of the class claims.  Indeed, the

class claims involve the identical standing issues being decided in *Spokeo*: whether a statutory violation of the FCRA, with no actual harm, is sufficient to confer Article III standing. Like Plaintiff in this case, the plaintiff in *Spokeo* brought a purported class action for alleged willful violations of the FCRA. The Supreme Court granted *certiorari* to decide "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Pet. For Cert. at i, *Spokeo, Inc. v. Robins*, No. 13-1339, (U.S. May 1, 2014), 2014 U.S. S. Ct. Briefs LEXIS 1766.

Here, on behalf of the class, Plaintiff cannot establish that he has sustained any injuries-in-fact as a result of RealPage's alleged violations of the FCRA. In fact, the only violations Plaintiff alleges are mere technical violations of the FCRA that had no real impact on Plaintiff. When Plaintiff requested his file from RealPage, RealPage complied with the FCRA and produced its current version of his file. Plaintiff complains that his file did not include all of the "sources" of information, specifically the identity of the vendor which retrieved the information from the disclosed public record source. (Compl. ¶ 21.) However, even if the FCRA required RealPage to disclose the vendor as the "source," which it does not, Plaintiff suffered no harm as a result of not receiving this information. The purpose behind the "source" requirement is presumably to allow a consumer to take necessary action to correct underlying incorrect information. Here, Plaintiff disputed that a record included in his report did not relate to him. Matching of records to specific consumers is done according to RealPage's matching logic. Since the public record vendor plays no role in name matching, the identity of and the ability to contact the vendor providing criminal records data to RealPage would be immaterial to Plaintiff's dispute that the reported record did not belong to him.

Moreover, the record at issue was no longer reported on the Plaintiff's "file" at the time

6

he made the request for a copy of the file. Prior to requesting the file, Plaintiff first initiated a dispute and, within 24 hours RealPage determined that the record did not belong to him. After RealPage completed the investigation and removed the record from Plaintiff's file, Plaintiff requested the file, at which time the record was no longer reported. Plaintiff suffered no harm from RealPage's failure to identify the public record vendor (which nonetheless was no longer a part of Plaintiff's file at that time the request was made) because RealPage had already removed the record at issue.

The same is true with respect to Plaintiff's claim under section 1681g(c)(2)(C). Plaintiff does not complain that he did not receive the requisite Summary of FCRA Rights, but instead complains that the Summary of Rights he received did not include all of the contact information for all the federal agencies responsible for enforcing the FCRA sub provisions. (Compl. ¶ 23.) However, the mailing addresses that were unintentionally omitted from the Summary of Rights is not information related to agencies that oversee FCRA enforcement related to tenant screening. Moreover, the primary agency with respect to FCRA enforcement is the Federal Trade Commission ("FTC") which was included in the Summary of Rights. The only information omitted with respect to the FTC is the telephone number. This omission alone would not have prevented Plaintiff from contacting the FTC if he felt the need to do so. In other words, the information that the Plaintiff alleges was omitted from the Summary of Rights would have been of no use to Plaintiff and, therefore, its omission caused him no harm.

Because Plaintiff's class claims do not allege any injuries-in-fact or accompanying actual damages in the Complaint, the Supreme Court's holding in *Spokeo* may prove dispositive.

### B. A Stay is Appropriate in this Case.

All of the factors to be considered in a stay analysis favor the granting of a stay in this case. The oral argument in *Spokeo* is set for November; therefore, a decision will be issued no

later than June 2016.  Granting the stay would only delay the current schedule by a few months, a delay wholly justified to ensure this Court has jurisdiction over this matter.  The risk of prejudice to the non-moving party is little, if any, since no actual harm is alleged to have occurred.  In addition, the potential hardship or inequity to the proponent of the stay is great, and the interests in judicial economy and efficiency both favor a stay.

Moreover, other district courts (and a Circuit Court) have reached similar conclusions, issuing stays after the U.S. Supreme Court has granted certiorari on potentially dispositive legal issues.  *See, e.g., Michael v. Ghee,* 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (granting stay of proceedings pending Supreme Court review of another case because Supreme Court decision could mean that "plaintiffs' claims will be subject to dismissal in their entirety."); *Sikhs for Justice v. Nath,* 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012).

         1.        <u>The Interests Of Judicial Economy Are Best Served By Staying The Case.</u>

First, significant interests of judicial economy will be served by staying the case as the Court must first address whether it has jurisdiction to hear Plaintiff's claims.  If the case is not stayed, the Court will be forced to spend significant time and resources hearing and deciding discovery disputes; ruling on impending class certification and summary judgment motions; conducting a settlement conference; hearing and deciding motions in limine; and preparing for trial.  Likewise, the parties will have to continue significant and costly discovery on Plaintiff's claims, including multiple depositions and subpoenas in cities across the country.  All of the time, expense, and resources of the Court and the parties required to engage in discovery, and to litigate class certification and summary judgment, could be entirely avoided if the Supreme Court rules in favor of the Petitioner in *Spokeo*.  Where a higher court's ruling will "have precedential effect . . . [and] resolve at least some of the claims before the Court," judicial

economy favors the stay.  *Beydoun v. Holder*, No. 14cv13812, 2105 WL 631948, at *4 (E.D. Mich. Feb. 13, 2015).

        2.     <u>RealPage will be faced with significant hardship if the action is not stayed</u>.

RealPage will face significant hardship if a stay is not granted and it is forced to spend substantial time and resources litigating the case.  Specifically, RealPage will have to conduct discovery, brief summary judgment and class certification, and prepare for a trial of this case.  Discovery would include the potential depositions of the Plaintiff, other purported class members, multiple RealPage employees and/or officers in addition to potentially expensive electronic document review and production.  The costs and expenses that RealPage will incur are not hypothetical.  If the Supreme Court decides in Spokeo, Inc.'s favor, RealPage would have no means to recoup any of its costs. The same is also true with respect to Plaintiff's litigation-related costs.

A stay would avoid this hardship.  After the *Spokeo* decision, the parties can return to litigating, if necessary, with no adverse effects on the parties or the Court.  A stay will prevent substantial hardship and prejudice to RealPage while *Spokeo* is pending, and avoid real cost and expense to RealPage should the Supreme Court rule in its favor on the dispositive standing issue.

        3.     <u>Plaintiff will not be prejudiced if the Court grants a stay</u>.

The lack of potential prejudice to Plaintiff also weighs in favor of a stay.  Plaintiff's class claims are not ones in which Plaintiff seeks immediate relief for actual damages suffered.  Plaintiff does not seek any injunctive or equitable relief requiring immediate resolution as such relief is not even available under the FCRA.  *Dicesari v. Asset Acceptance LLC,* No. 11-CV-6815, 2012 U.S. Dist. LEXIS 133168 (E.D. Pa. Sept. 18, 2012) ("the affirmative grant of power to pursue injunctive relief under the FCRA solely to the Federal Trade Commission (FTC) demonstrates that Congress did not contemplate individual litigants' pursuit of injunctive relief

under the FCRA) (citing *Washington v. CSC Credit Servs.,* 199 F.3d 263, 268 (5th Cir. 2000)). The only conceivable prejudice to Plaintiff if the claims are stayed is delay in pursuing his alleged statutory damages and his nominal, if any, individual damage claim. This alone is not sufficient to deny a motion for stay. *Matherly v. Gonzalez,* No. 5:11-CT-3020-BR, 2013 U.S. Dist. LEXIS 21243, at *6 (E.D.N.C. Jan. 31, 2013). As the Supreme Court has explained, "the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Landis,* 299 U.S. at 256. There is no basis to claim that any harm allegedly suffered by Plaintiff will continue or will increase if the case is temporarily stayed.

Considering the substantial amount of resources that will go into this case in the next six months if not stayed, Plaintiff and his counsel could invest significant time and money in a case that ultimately has to be dismissed for lack of standing or must otherwise be modified to comport with the decision reached in *Spokeo*. A short stay to await a precedential ruling is in each party's interest.

        4.       <u>*Spokeo*-based Stays Have Been Routinely Granted During the Past Months.</u>

This Court would find itself in good company if it grants RealPage's Motion to Stay. Over the past few months, many district courts have granted similar motions specifically related to *Spokeo*. For example, in August, a district court in the Middle District of Pennsylvania granted a stay finding that the issue presented by *Spokeo* "lies at the heart of the instant case" and that a "ruling on the question before the Supreme Court will likely guide the course of this lawsuit." *Salvatore v. Microbilt Corp.,* No. 4:14-cv-01848-YK-MCC (M.D. Pa. Aug. 20, 2015) (ECF 17). Similar to this case, *Salvatore* also asserted claims under the FCRA for statutory damages.

In addition, stays have been granted across the country by courts in the Eastern District of

Michigan, the Southern District of Florida, the Northern, Southern, Central and Eastern Districts of California and the Eastern District of Virginia.  *See Provo v. Rady Children's Hosp. San Diego*, No. 15cv0081, 2015 U.S. Dist. LEXIS 100491 (S.D. Cal. July 29, 2015); *Stone v. Sterling Infosystems, Inc.*, No. 2:15-cv-00711-MCE-DAD, 2015 U.S. Dist. LEXIS 99161 (E.D. Cal. July 28, 2015); *Hillson v. Kelly Services, Inc.*, 2:15-cv-10803, 2015 U.S. Dist. LEXIS 97958 (E.D. Mich. July 15, 2015); *Boise v. ACE USA, Inc.*, No. 15-Civ-21264, 2015 U.S. Dist. LEXIS 87200, at *12 (S.D. Fla. July 6, 2015); *Larson v. Trans Union, LLC*, No. 12-cv-05726-WHO, 2015 U.S. Dist. LEXIS 83459, at *24 (N.D. Cal. June 26, 2015); *Ramirez v. Trans Union, LLC*, No. 12-cv-00632, 2015 U.S. Dist. LEXIS 80692, at **3-4 (N.D. Cal. June 22, 2015); *Williams v. Elephant Ins. Co. et al.*, 1:15-cv-119-GBL-TCB, 2015 U.S. Dist. LEXIS 78051 (E.D. Va. May 27, 2015); *see also Dreher v. Experian Info. Solutions, Inc.,* No. 15-2119 (4th Cir. Oct. 19, 2015) (granting appellants' motion to hold case in abeyance pending the outcome in *Spokeo*).

In *Boise*, the court granted a stay, citing many of the same factors highlighted by RealPage in this motion.  According to the court:

- Plaintiff will not be unduly prejudiced or harmed by a stay of proceedings, which only stands to delay Plaintiff's potential recovery for a period likely less than 12 months;

- Without a stay, Defendants will be forced to endure onerous discovery and significant expenses, which may be needlessly incurred if the Supreme Court rules favorably for the [Petitioner in *Spokeo*];

- Both parties could be harmed by superfluous litigation;

- The length of the stay is neither indefinite nor immoderate; and

- A stay would promote the public interest of judicial economy and efficiency.

*Boise*, 2015 U.S. Dist. LEXIS 87200, at **12-13.  Many, if not all, of the reasons cited by courts who have granted stays are present in this case, and, therefore, those factors favor a stay.  Here,

11

not only will a stay not prejudice Plaintiff, it will prevent hardship to RealPage while at the same time conserving both the Court and the private litigant's resources.  By granting a stay, this Court will simply place these claims on hold and allow the parties to save significant resources which will be better utilized after the Supreme Court issues its opinion in *Spokeo*.

## V.    CONCLUSION

For the reasons stated above, RealPage, Inc. respectfully requests that the Court enter an Order granting its motion to stay and stay the case until the Supreme Court issues its ruling in *Spokeo, Inc. v. Robins*.

Dated:  October 26, 2015                        Respectfully submitted,

    HANGLEY ARONCHICK SEGAL PUDLIN
    & SCHILLER

    By: /s/ Mark A. Aronchick
        Mark Alan Aronchick
        Sharon F. McKee
    One Logan Square
    18th & Cherry Streets, 27th Floor
    Philadelphia, PA 19103-6933
    Telephone: 215.496.7002, 7060
    Facsimile: 215.568.0300
    Email: maronchick@hangley.com
           smckee@hangley.com

    Ronald I. Raether, Jr. (admitted *pro hac vice*)
    TROUTMAN SANDERS LLP
    5 Park Plaza
    Suite 1400
    Irvine, CA 92614
    Telephone: 949.622.2722
    Facsimile: 949.622.2739
    ronald.raether@troutmansanders.com

    *Attorneys for RealPage, Inc.*