IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES JENKINS,** | ) | |
| on behalf of himself and all others | ) | C. A. No. 2:15-cv-3894 |
| similarly situated, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | |
| | ) | |
| **REALPAGE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO STAY</u>**

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................................1

II. ARGUMENT .....................................................................................................................2

    A.    RealPage's Motion To Stay Is Premature ...............................................................3

        1.    A Stay Of Ongoing Discovery Would Be Inefficient .................................3

        2.    Plaintiff Has Not Yet Moved For Class Certification .................................5

        3.    Applicable Case Law, Including The *Ramirez* And *Larson*
            Stay Orders, Does Not Support A Stay At This Stage ................................6

    B.    Plaintiff's Clear Article III Standing Is Sufficient For
        Class Certification Purposes ...................................................................................8

    C.    Article III Standing Is Not At Issue Here And The FCRA Portion
        Of *Spokeo* Is Not Subject To Supreme Court Review ..........................................11

    D.    A Stay Would Harm Plaintiff, And Defendant Has Failed To Carry
        Its Burden Of Showing A Clear Case Of Hardship Or Inequity ...........................13

III. CONCLUSION ................................................................................................................14

Plaintiff James Jenkins, by counsel, hereby submits this memorandum of law in support of his response in opposition to Defendant RealPage, Inc.'s Motion to Stay (Motion) (Dkt. No. 13).

## I.       INTRODUCTION

Plaintiff brings three claims under the Fair Credit Reporting Act (FCRA or Act) – at sections 1681e(b) (for inaccurate credit reporting), 1681c (for failing to provide required disclosures) and 1681g(a) (for misrepresenting the sources who provided the information in Plaintiff's credit report). He alleges both negligent and willful violations of the Act, and seeks statutory damages, actual damages, punitive damages, and attorney's fees and costs. *See* Dkt. No. 1. Discovery is ongoing and in all likelihood will need to be extended, as written discovery is complex and no fact witnesses have been deposed to date. Plaintiff has not moved for class certification, and will not be ready to do so in the immediate future given that the parties have not yet exchanged any written discovery responses or taken any depositions.

Despite the nature of this case, RealPage now argues that this entire litigation should be halted allegedly because the U.S. Supreme Court has agreed to address an appeal of the Ninth Circuit's opinion in *Robins v. Spokeo, Inc*. Def. Mem., Dkt. No. 13-1, citing *Robins v. Spokeo, Inc*., 742 F.3d 409 (9th Cir. 2014); *Spokeo, Inc. v. Robins*, No. 13-1339, 2015 WL 1879778, at *1 (U.S. Apr. 27, 2015) (hereinafter "*Spokeo*"). RealPage asserts that the High Court's decision in *Spokeo* will impact this case by incorrectly asserting that Plaintiff has not alleged actual harm. To the contrary, Plaintiff's Complaint makes clear that he and the members of the proposed classes suffered exactly the type of uniform, cognizable injury that class actions are designed to address.

RealPage's motion should be denied. The motion is very premature given the posture of this case. There is much discovery to be completed and other issues to be advanced in litigation with respect to both of Plaintiff's claims, which are completely unrelated to *Spokeo*. Moreover,

RealPage is mistaken in asserting that *Spokeo* will affect even the statutory damages willful violation claims in this case. Unlike the plaintiff in *Spokeo*, Mr. Jenkins here was denied tenancy as a result of RealPage's reporting, and he also suffered other cognizable actual injury under the FCRA, which underpins his statutory damages claim. Defendant cannot satisfy its heavy burden to show that a stay is warranted in this case, and its motion should therefore be denied.

## II.     ARGUMENT

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The proponent of a stay must "make out a clear case of hardship or inequity" in being required to go forward with litigation. *Id.* Further, the proponent of a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (stay should not have been granted); *CTF Hotel Holding, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, (3d Cir. 2004) (party seeking a stay "must state a clear countervailing interest to abridge a party's right to litigate.").

In determining whether a stay would be fair and efficient, courts in the Third Circuit will look to several factors, including: "(1) the length of the requested stay; (2) the hardship or inequity that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy." *Pa. State Troopers Ass'n v. Pawlowski,* No. 09–cv–1748, 2011 WL 9114, at *1 (M.D. Pa. Jan. 3, 2011) (internal quotations omitted). The party seeking the stay must demonstrate "a clear case of hardship or inequity, if there is even a fair possibility that the stay would work damage on another party." *Gold v. Johns–Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983).

District courts have discretion to stay or not stay proceedings before them. *Landis*, 299 U.S.

at 254.  *See also Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976).  Within this District, courts have routinely exercised their discretion to deny motions for stays.  *Weitzner v. Sanofi Pasteur, Inc.*, No. 11-cv-2198, 2012 WL 1677340, at *8 (M.D. Pa. May 14, 2012) (stay motion denied); *J.B. Hunt Transp., Inc. v. Liverpool Trucking Co.*, No. 11-cv-1751, 2012 WL 2050923, at *4 (M.D. Pa. June 7, 2012) (stay motion denied); *Moeller v. Bradford Cnty.*, No. 05-cv-0334, 2007 WL 431889, at *2 (M.D. Pa. Feb. 5, 2007) (stay motion denied).[1]

### A.    RealPage's Motion To Stay Is Premature

Even assuming that the results of the Supreme Court's consideration of *Spokeo* will affect one aspect of this case (which it will not), a stay at this stage of the case would be premature and inefficient.

#### 1.    A Stay Of Ongoing Discovery Would Be Inefficient

Regardless of whether Plaintiff's FCRA section 1681g(a) claims proceed on a classwide basis, Plaintiff also has individual claims under the FCRA, based upon his allegations that RealPage improperly reported inaccurate criminal record information about him in violation of FCRA section 1681e(b), and failed to send him a complete copy of his file, including the identities of all of the sources of the information reported, upon request, in violation of FCRA section 1681g(a)(2).  Moreover, Plaintiff's has alleged both negligent and willful non-compliance, and he thus seeks both actual and statutory damages.  Compl., Dkt. No. 1 at ¶¶ 49-50.

Per the scope of the Scheduling Order in this case, Plaintiff has served discovery requests which pertain to all of his claims, which must be completed regardless of the disposition of *Spokeo*.

---

[1]  *See also Akishev v. Kapustin*, No. 13-cv-7152, 2014 WL 2608388 (D.N.J. May 28, 2014) (stay motion denied); *Shirsat v. Mut. Pharm. Co.*, No. 93-3202, 1995 WL 695109, at *1 (E.D. Pa. Nov. 21, 1995) (stay motion denied).

Even if the Supreme Court's disposition of *Spokeo* is as broad and sweeping as RealPage hopes for, and no FCRA willfulness claims can ever be certified as class actions, this case will still go forward, and require substantially the same discovery.

Plaintiff's written discovery and notice of deposition to RealPage seek information relevant to all of his claims, including information relevant to RealPage's standardized policies and procedures for obtaining and reporting public record information, disclosing such information, and for handling disputes of such information. Plaintiff has also sought discovery regarding notice to RealPage about problems with these procedures, which is relevant to Plaintiff's negligence claims, as much as to willfulness claims which may be affected by *Spokeo*. RealPage has not yet provided any responses to Plaintiff's discovery requests or produced any witnesses pursuant to Plaintiff's Notices of Deposition.

Regardless of the results of *Spokeo*, Plaintiff is entitled to complete responses to his discovery requests, and to take the depositions of RealPage's identified representatives. A stay of the case at this stage would halt any efforts RealPage has begun to respond to Plaintiff's requests, and would require RealPage to repeat its efforts at a later date, both to replicate any efforts undertaken to date, and to account for consumers affected by RealPage's practices throughout the duration of the stay. Such repetition would be completely inefficient and would frustrate the purpose of a stay, which is to promote judicial economy. *Pawlowski,* 2011 WL 9114, at *1.

There is simply no reason to stay the case at this juncture and prevent the parties from completing discovery, including depositions of both Plaintiff and RealPage's corporate representatives, which will need to be completed regardless of the outcome of *Spokeo*.

### 2. Plaintiff Has Not Yet Moved For Class Certification

It is impossible to evaluate Defendant's assertion that the existence of class-wide injury cannot be established here, without the benefit of full discovery and Plaintiff's identification of the class(es) he actually seeks to represent. RealPage's argument boils down to a preemptive challenge to Rule 23 commonality, which cannot possibly be at issue because Plaintiff has not moved for the certification of any class.

Consideration of class allegations is generally improper prior to a plaintiff's motion for certification. *Landsman & Funk PC v. Skinder-Strauss Assoc.,* 640 F.3d 72, 93 (3d Cir. 2011) (rigorous analysis of Fed. Rule Civ. P. 23 factors generally not possible prior to discovery and motion for class certification); *Dobkin v. Enterprise Fin. Grp., Inc.*, No. 14-cv-01989, 2014 WL 4354070, at *6 (D.N.J. Sept. 3, 2014) (challenge to class allegations before motion for certification and pre-certification discovery was premature). *See also Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 680-81 (E.D. Pa. 2011) (collecting cases within the Third Circuit declining to dismiss class allegations prior to a motion for class certification). This is logical, given that neither plaintiffs nor courts are bound by class definitions plead in the complaint. *Chakejian v. Equifax Info. Servs.*, *LLC*, 256 F.R.D. 492, 497 (E.D. Pa. 2009) (neither class representative nor court bound by the proposed class definitions set in the complaint); Fed. R. Civ. P. 23(c)(1) (class definitions may change at any time throughout the course of litigation). *See also LaRocque v. TRS Recovery Servs., Inc.*, 285 F.R.D. 139, 152 (D. Me. 2012) (class representative may seek to certify all or only certain selected claims at her election); *Bafus v. Aspen Realty, Inc.*, 236 F.R.D. 652, 655 (D. Idaho 2006).

Under the current Scheduling Order, class certification briefing is to take place in early 2016. Even that is ambitious given RealPage's delays to date. Plaintiff should be entitled to complete discovery, including the production of complete interrogatory responses, depositions of

one or more RealPage representatives, and full expert discovery, before presenting which class or classes he seeks to represent, appropriately tailored based upon discovery.

### 3. Applicable Case Law, Including The *Ramirez* And *Larson* Stay Orders, Do Not Support A Stay At This Stage

None of the authorities RealPage references in its Motion support a stay of a class action case in the midst of discovery and before class certification is briefed. Def. Mem., Dkt. No. 13-1 at p. 10-11 (citing, inter alia, *Salvatore v. Microbilt Corp.*, No. 4:14-cv-1848, 2015 WL 5008856 (M.D. Pa. Aug. 20, 2015), *Ramirez v. Trans Union, LLC*, No. 12-cv-632, Dkt. No. 184 (N.D. Cal. June 22, 2015), and *Larson v. Trans Union, LLC*, No. 12-cv-5726, 2015 WL 3945052, at *7-8 (N.D. Cal. June 26, 2015)).

In *Salvatore*, the plaintiff, who did not seek to represent a class, made no effort to oppose the stay the defendant sought. *Salvatore*, No. 4:14-cv-1848 (E.D. Pa.). A stay motion presented following the completion of discovery in an individual case, and granted without any opposition, provides no support for RealPage's motion here.

In both the *Larson* and *Ramirez* matters, discovery was bifurcated, and the parties had completed discovery related to class certification. The *Ramirez* and *Larson* plaintiffs presented detailed class certification briefs, including classes identified and tailored based upon the results of discovery. *See, e.g.*, *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 417 (N.D. Cal. 2014) (order certifying class narrower than plead in the complaint); *Larson*, 2015 WL 3945052, at *15 (tentatively certifying class). In *Ramirez*, notice had already been sent to the certified class, and a trial date was imminent. *See* No. 12-cv-632 at Dkt. Nos. 164, 167. The granting of stays in cases where class certification has been fully explored through fact and expert discovery and complete

briefing provide no support for a stay in this case, where discovery regarding related class and individual claims is ongoing.[2]

This case is far more similar to other actions, where courts have denied motions to stay based upon the pendency of *Spokeo*. For example, in *Doe v. Selection.com*, the stay was denied because, similar to Mr. Jenkins' plain allegations regarding the denials of his tenancy application, the representative plaintiff in *Doe* clearly pled in his complaint that he was denied employment on the basis of a consumer report produced by the defendant. No. 3:15-cv-2338, 2015 WL 5853700, at *4 (N.D. Cal. Oct. 8, 2015). Likewise, the *Doe* court concluded that a stay was inappropriate because the case was in its "nascent development," and the parties could proceed with discovery that would be relevant to the claims regardless of any result in *Spokeo*. *Id.* at *1, *4-5. Although the *Doe* court recognized that continuing with class discovery would place some additional burden on the defendant, it found that this added burden was insufficient to justify a stay. *Id.* at *5. *See also Speer v. Whole Foods Market Grp., Inc.*, No. 8:14-cv-3035 (M.D. Fla.) at Dkt. No. 46 (April 29, 2015 Order denying defendant's motion to stay pending decision in *Spokeo* because grants of certiorari have no precedential significance). All of the same considerations are present here.

As set out below, no decision in *Spokeo* will actually affect this litigation. But even if RealPage is correct and the Supreme Court issues one or more sweeping decisions entirely foreclosing the possibility of an FCRA statutory damages class action, this case will nevertheless

---

[2] Furthermore, differences between this litigation and the *Ramirez* and *Larson* cases mean that the stays of those cases do not support a possible stay of this litigation even at a later time. In both *Ramirez* and *Larson*, Trans Union had (as the *Ramirez* court put it in its stay order) "modified the conduct about which Plaintiff complains," reducing the harm of a stay. *Ramirez*, No. 12-cv-632, Dkt. No. 184 at pp. 2-3; *See also Larson*, 2015 WL 3945052, at *2 (inadequately-tested computer code causing misleading information to appear on Trans Union reports for one-month period was remedied in October 2011). Discovery to date in this case has shown no indication that RealPage has stopped the conduct described in the Complaint.

go forward, and require essentially the same discovery that is currently underway with respect to the negligent non-compliance theory that Plaintiff brings. Defendant's Motion should therefore be denied.

### B. Plaintiff's Clear Article III Standing Is Sufficient For Class Certification Purposes

In the case at bar there is no serious question that Plaintiff Jenkins has standing to bring this action in federal court. Plaintiff was falsely labeled as a criminal on a RealPage report delivered to his prospective landlord, the type of libelous speech that has *always* been found to be injurious under the law *per se*, regardless of the additional protections afforded consumers by the FCRA. *See* Restatement (2d) of Torts, §§ 570-574 (A statement is defamatory *per se* when it falsely imputes a criminal offense to the plaintiff). Plaintiff has furthermore identified specific injury in fact under the FCRA, in the form of multiple denial of a rental application based upon RealPage's false reporting. *See* Complaint, Dkt. No. 1 at ¶¶ 8-13. Finally, Plaintiff was denied access to all of the information RealPage maintained about him, which impeded his efforts to get access to housing. *Id.* at ¶ 16; *see also Ryals v. Strategic Screening Solutions, Inc.*, ___ F. Supp. 3d ___, 2015 WL 4606168, at *4-6 (E.D. Va. July 30, 2015) (denying motion to dismiss FCRA section 1681g(a) claim because deprivation of information is sufficient to satisfy the injury-in-fact requirement of Article III standing) (*citing, inter alia, Fed. Election Comm'n v. Atkins*, 524 U.S. 11, 22 (1998)).[3]

The fact that Mr. Jenkins may at some point make an *election of remedies* of statutory damages available under FCRA section 1681n, as opposed to actual damages for negligent non-compliance under FCRA section 1681o, is a strategic decision. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952-53 (7th Cir. 2006) (Easterbrook, J.). There would be nothing unusual or

---

[3] As the *Ryals* court astutely recognized, "[i]t would be passing strange for Congress to have created the FCRA, a rather extensive set of private rights the violation of which gives rise to damages that are available to individual consumers . . . but leave the holders of those rights without standing to enforce them." *Id.* at *6.

inappropriate about such as decision, if and when it is made, and such a litigation strategy does not deprive this Court of subject matter jurisdiction under Article III.

Moreover, under Third Circuit precedent the fact that a class representative has Article III standing is sufficient to invoke federal court jurisdiction, even if other class members do not have standing. Article III standing is determined vis-a-vis the named parties. *See In re Prudential Ins. Co. America Sales Practice Litig. Agent Actions*, 148 F.3d 283, 306 (3d Cir. 1998). "Once threshold individual standing by the class representative is met . . . there remains no further separate class standing requirement in the constitutional sense." *Id.* at 306-07 (internal citations omitted); *In re Plastics Additives Antitrust Litig.*, No. 08-cv-3358, 2009 WL 405522, at *1 (3d Cir. Feb. 19, 2009).[4]

As one court put it:

In this Circuit, case law is clear that "[o]nce threshold individual standing by the [named plaintiffs] is met, a proper party to raise a particular issue is before the court, and there remains no further separate class standing requirement in the constitutional sense." *In re Prudential Ins.*, 148 F.3d at 306-07 (citation omitted). Thus, absent class members are not required to make a similar showing, and the "issue [becomes] one of compliance with the provisions of Rule 23, not one of Article III standing." *Id.* at 307 (citation omitted). . . . Thus, contrary to [defendant's] assertions, unnamed Plaintiffs in the class need not make a separate showing of injury in fact, and standing is not an obstacle to certification of the class for settlement purposes.

---

[4] Other circuit courts and even the U.S. Supreme Court have held the same. "In a class action, standing is satisfied if at least one named plaintiff meets the requirements. . . . Thus, we consider only whether at least one named plaintiff satisfies the standing requirements." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007); *see also Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 865 (9th Cir. 2014). More recently, "the Ninth Circuit insisted that only the standing of the representative party matters anyway: '[O]ur law keys on the representative party, not all of the class members, and has done so for many years.'" *Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472, 476 (S.D. Cal. 2013) (citing and quoting *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 (9th Cir. 2011)). *Cf. O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."). Whether an action presents a "case or controversy" under Article III is determined vis-a-vis the named parties. *Allee v. Medrano*, 416 U.S. 802 (1974).

*In re Ins. Brokerage Antitrust Litig.*, No. 04-cv-5184, 2007 WL 2589950, at *14 (D.N.J. Sept. 4, 2007) *aff'd.*, 579 F.3d 241 (3d Cir. 2009).

The leading class action treatise agrees: "Once threshold individual standing by the class representative is met, a proper party to raise a particular issue is before the court, and there remains no further separate class standing requirement in the constitutional sense." 1 *Newberg on Class Actions* § 2.05 at 2–29 (3d Ed.1992).

The injury or lack of injury of absent class members may become an issue under Rule 23, but the outcome of that issue will depend upon the requirements of the substantive law on which the class claims are based, not upon Article III. Once the named plaintiff satisfies Article III, the absentee class members are not required to make a similar showing, because once the named parties have demonstrated they are properly before the court, "the issue [becomes] one of compliance with the provisions of Rule 23, not one of Article III standing." *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 122 (3d Cir.1985), *aff'd,* 482 U.S. 656 (1987).

Under the FCRA, injury could be an issue for negligence claims but it is *irrelevant* for willful violations of the FCRA. *See Murray v. GMAC Mortg. Corp.,* 434 F.3d at 952-53; *Bateman v. American Multi–Cinema, Inc.*, 623 F.3d 708, 720-21 (9th Cir. 2010); *Ramirez v. Trans Union, LLC*, 301 F.R.D. at 421.[5] For FCRA willful non-compliance claims, therefore, injury is simply not relevant to Article III or to Rule 23 as far as absentee class members are concerned.

The rule of law set forth in *In re Prudential* and *Goodman* is not on appeal in *Spokeo*, and is binding upon this Court. For this reason also, whatever the results of the Supreme Court's

---

[5] Defendant's citation to *Joint Stock Soc'y v. UDV N. Am., Inc.* and *Fair Housing Council of Suburban Phila. v. Main Line Times* is not to the contrary, and exemplifies Defendant's confusion between Article III standing and the burden of proof for FCRA statutory damages. Def. Mem., Dkt. No. 37 at p. 3 (citing *Joint Stock*, 266 F.3d 164 (3d Cir. 2001) and *Fair Housing*, 141 F.3d 439 (3d Cir. 1998)). As set forth in section C.1., *infra*, these are separate issues.

10

consideration of Article III standing in *Spokeo* it cannot affect this case. A stay of the proceedings here is therefore inappropriate.

### C.    Article III Standing Is Not At Issue Here And The FCRA Portion Of *Spokeo* Is Not Subject To Supreme Court Review

Defendant's motion largely confuses the Article III holding of *Robins v. Spokeo* with the elements proscribed by Congress for a willful violation of the Fair Credit Reporting Act (FCRA). Defendant thus assumes that *if* the U.S. Supreme Court reverses *Spokeo* that ruling will necessarily impact this case. There is no basis to conclude that the Ninth Circuit's holding in *Robins v. Spokeo* will be reversed. But even if it is, such a reversal would not impact this case.

*Spokeo* examines the pleading requirements for Article III standing. In that case, "Spokeo moved to dismiss [the complaint] for lack of subject-matter jurisdiction on the ground that Robins lacked Article III standing." *Robins v. Spokeo, Inc.*, 742 F.3d at 411. The Ninth Circuit held that Robins' claim of "violations of statutory rights" standing also constitute "*de facto* injuries," thus conferring Article III standing upon the plaintiff even absent an allegation of any actual harm or injury in fact. *Id.* 413.

In *Robins v. Spokeo* the Ninth Circuit separately stated the well-known rule that a "statutory cause of action does not require a showing of actual harm when a plaintiff sues for willful violations [under FCRA] § 1681n(a)." *Id.* at 412. But this separate finding is not constitutional in nature. It merely construes FCRA section 1681n, and follows other circuit courts which set forth the statutory requirements or elements for a cause of action for willful non-noncompliance of the FCRA. *See* 15 U.S.C. § 1681n(a) (no causation or actual harm requirement); *see also Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 705–07 (6th Cir. 2009) (ruling that the FCRA permits a recovery when there are no clearly measurable or actual damages); *Murray v. GMAC Mortg. Corp.*, 434 F.3d at 952–53 (ruling that the FCRA "provide[s] for modest damages without proof of injury").

11

The only issue that the Supreme Court will review in *Spokeo* is the Article III constitutional issue.  *See Spokeo, Inc. v. Robins*, 2015 WL 1879778, at *1.  That constitutional issue, however, has never been raised and is not present in the case at bar.  Thus, the ruling in *Spokeo*, whatever it might be, will not affect this case.

Defendant's argument conflates the Article III subject matter jurisdiction ruling in *Spokeo* with the concept that the FCRA does not "require" plaintiff to prove every class member's injuries because that "is not an element of the disclosure claims or statutory damages."  *See, e.g. Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 421 (N.D. Cal. 2014) (certifying class of consumers seeking FCRA statutory damages and finding that no proof of actual harm was required, in contrast to state law claim).  This analysis, however, simply construes the federal and state statutory claims at issue.  Federal and state legislatures can, and do, impose differing requirements or elements on different statutory causes of action.  These differing elements go to the burden of proof that a litigant has – they are not an affirmation or abdication of Article III standing.

The fact that Plaintiff Jenkins and any class(es) he will seek to represent are not *required* to show actual harm to show a willful violation of the FCRA simply is not tantamount to a finding that they lack Article III standing, as Defendant suggests.  Rather, it is simply the burden of proof that Congress proscribed for a particular claim, which entitles consumers to pre-set statutory damages in the range of $100-$1,000.  By proscribing this burden of proof Congress realized that some consumer injuries may be small or difficult to calculate.  In addressing a similar challenge in an FCRA statutory damages class action, the Seventh Circuit Court of Appeals explained that the fact that "actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury."  *Murray v. GMAC Mortg. Corp.,* 434 F.3d at 952-53.  *See also Harris v. Mexican Specialty Foods, Inc*., 564 F.3d 1301, 1310 (11th Cir.

2009) ("This court has recognized that even though statutory damages may be used in cases where no actual damages were incurred, they are also often employed where damages are difficult or impossible to calculate.").

In this case, Plaintiff has always claimed that he was injured by RealPage's false reporting about him, and its subsequent failure to provide all of the information it maintained about him, including the actual source of the criminal record information it incorrectly reported to his prospective landlord. *See* Compl., Dkt. No. 1 at ¶¶ 8-13, 16. As set forth in section I.B., *supra*, this is sufficient to establish class-wide standing for purposes of Article III.

At any rate, the issue of how to prove an FCRA section 1681n willful violation is *not* before the Supreme Court in *Spokeo*. Defendant's Motion should therefore be denied because there is no sound reason to believe that *Spokeo* will speak directly to any issue before this Court.

### D. A Stay Would Harm Plaintiff, And Defendant Has Failed To Carry Its Burden Of Showing A Clear Case Of Hardship Or Inequity

Defendant argues that Plaintiff allegedly will suffer no harm at all from a stay. Dkt. No. 13-1 at p. 9. This bald assumption is mistaken and does not carry Defendant's burden. The stay requested is not simply a question of delay – it is a lengthy delay that in all likelihood would last more than six months, as experience teaches that the U.S. Supreme Court is known for issuing many decisions at the end of each of its terms, usually in June. In such a long period of time, memories fade, third party witnesses (and there may be several important ones in this case) become hard to find for trial, and even defense witnesses may leave Defendant's employ or become otherwise unfindable.

Defendant appears to argue that having to continue to litigate this case is a hardship. But being required to defend a suit, without more, does not constitute a clear case of hardship or inequity which might require a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

Defendant baldly contends that *Plaintiff* will be harmed without a stay, but Plaintiff disagrees and sees no benefit to a stay. Defendant argues that continuing to conduct discovery and allowing full briefing on class certification will be a waste. But Plaintiff has FCRA claims that he can try regardless of what the Supreme Court does in *Spokeo*. And those triable issues will require the same witnesses and same basic discovery. There is simply no sound basis for finding that a decision that may clarify the pleading requirements for standing in statutory damages cases will meaningfully impact the orderly administration of justice in this case. At the end of the day, Defendant simply fails to carry its burden of showing that the extraordinary relief of the lengthy stay that it seeks is necessary, as opposed to merely desired by one party for its benefit alone.

### III.   CONCLUSION

For all the foregoing reasons, Plaintiff James Jenkins respectfully requests that the Court deny the Defendant's Motion to Stay.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

Dated: November 30, 2015        BY:   */s/ James A. Francis*
                                       JAMES A. FRANCIS
                                       DAVID A. SEARLES
                                       100 S. Broad Street, 19th Floor
                                       Philadelphia, PA 19110
                                       T. (215) 735-8600

**CONSUMER LITIGATION ASSOCIATES, P.C.**
MATTHEW J. ERAUSQUIN (*pro hac vice*)
CASEY S. NASH (*pro hac vice*)
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
T. (703) 273-7770

**KELLY & CRANDALL, PLC**
KRISTI C. KELLY (*pro hac vice*)
ANDREW J. GUZZO (*pro hac vice*)

4084 University Drive, Suite 202A
Fairfax, VA 22030
T. (703) 424-7572

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on this date and that service is therefore being made electronically on the following counsel of record for Defendant:

Mark A. Aronchick
Sharon F. McKee
HANGLES ARONCHICK SEGAN PUDLIN & SCHILLER
One Logan Square
18th and Cherry Street, 27th Floor
Philadelphia, PA, 19103

Ronald I. Raether, Jr.
TROUTMAN SANDERS LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614

Dated:  November 30, 2015                              */s/ James A. Francis*
                                                                                            James A. Francis